**E-FILED**
Monday, 23 October, 2006  03:35:03 PM
Clerk, U.S. District Court, ILCD

#20182/KSP

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| JAMIE BIGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-2156 |
| | ) | |
| CHAMPAIGN COMMUNITY UNIT SCHOOL | ) | Judge Michael P. McCuskey |
| DISTRICT #4; et al. | ) | |
| | ) | Magistrate David G. Bernthal |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

In support of Defendants', CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT #4, UNIT #4 SCHOOL BOARD OF EDUCATION, CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT #4 FAMILY INFORMATION CENTER, ARTHUR R. CULVER, Superintendent of Champaign Community Unit School District #4, in his official capacity, JOE WILLIAMS, Principal of Champaign Community Unit School District #4, Edison Middle School, in his official capacity, DEDRICK MARTIN, Director of Equity and Achievement for Champaign Community Unit School District #4, in his official capacity, DORLAND NORRIS, Deputy Superintendent of Curriculum Design, Educational Services and Equity for Champaign Community Unit School District #4, in her official capacity, GAYLE GRIFFIN, an employee of Champaign Community Unit School District #4, in her official capacity, JAMES HARDEN, an employee of Champaign Community Unit School District #4, in his official capacity, and HATTIE PAULK, Director of the Family Information Center, motion for partial dismiss of the

1

Complaint of Plaintiff, JAMIE BIGHAM, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, Defendants state as follows:

## BRIEF STATEMENT OF THE SPECIFIC POINTS OR PROPOSITIONS OF LAW AND SUPPORTING AUTHORITIES PURSUANT TO LOCAL RULE 7.1(B)(1)

I. **PLAINTIFF'S COMPLAINT IS NOTHING MORE THAN A CHILD CUSTODY DISPUTE THAT SHOULD BE ADDRESSED BY THE STATE COURT AND GOVERNED BY STATE FAMILY LAWS AND BECAUSE PLAINTIFF'S MINOR CHILD WAS TRANSFERRED BACK TO HIS SCHOOL OF CHOICE, THE ISSUE IS NOW MOOT**

Crowley v. McKinney, 400 F.3d 965 (7th Cir. 2005)
Calderon v. Moore, 518 U.S. 149, 150 (1996)

II. **PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT A §1983 CLAIM BASED ON DEPRIVATION OF SUBSTANTIVE OR PROCEDURAL DUE PROCESS RIGHTS OR EQUAL PROTECTION RIGHTS**

Gomez v. Toledo, 446 U.S. 635 (1980)
Steidl v. Gramley, 151 F.3d 739 (7th Cir. 1998)
Hosty v. Carter, 412 F.3d 731 (7th Cir. 2005)
Moore v. Overall, 1998 WL 852293 (N.D. Il. 1998)
Carlson ex rel. Stuczynski v. Bremen High School District 228, 423 F.Supp.2d 823 (N.D. Ill., 2006)
105 ILCS 5/1 *et seq.*

III. **DEFENDANTS ARE IMMUNE FROM THE NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS PURSUANT TO THE ILLINOIS LOCAL GOVERNMENTAL AND GOVERNMENTAL EMPLOYEES TORT IMMUNITY ACT**

745 ILCS 10/2-201
745 ILCS 10/2-109
745 ILCS 10/2-204
745 ILCS 10/2-102
Harinek v. 161 North Clark Street Ltd. Partnership, 181 Ill.2d 335 (1998)
Van Meter v. Darien Park Dist., 207 Ill.2d 359 (2003)
Kevin's Towing, Inc. v. Thomas, 351 Ill.App.3d 540, 814 N.E.2d 1003 (2nd Dist. 2004)
Thompson v. Board of Education of the City of Chicago, 711 F. Supp. 394 (N.D. Ill. 1989)
City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)

IV. **PLAINTIFF FAILS TO STATE A §1983 CLAIM FOR RELIEF UNDER A RESPONDEAT SUPERIOR CAUSE OF ACTION**

Steidl v. Gramley, 151 F.3d 739 (7th Cir. 1998)
Hosty v. Carter, 412 F.3d 731 (7th Cir. 2005)

**V.    PLAINTIFF    LACKS    STANDING    TO    BRING    A    CLAIM    FOR INDEMNIFICATION**

745 ILCS 10/2-301
United General Title Ins. Co. v. AmeriTitle, Inc., 365 Ill.App.3d 142 (1st Dist. 2006)

## ARGUMENT

**INTRODUCTION and STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) provides in pertinent part:

Every defense, in law or fact, to a claim for relief in any pleading…shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion…(6) failure to state a claim upon which relief can be granted

Fed. R. Civ. P. 12(b)(6). A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. Id. Facts pled in the complaint as well as all reasonable inferences drawn from the allegations are viewed in a light most favorable to the plaintiff. Autry v. Northwest Premium Svcs., Inc., 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal is warranted only if the plaintiff can prove no set of facts entitling her to relief. Id.

In the instant matter, Plaintiff alleges that his son, J.B., was wrongfully transferred to a school outside of the district in which he and his son reside and into a school over three hours away based on his ex-wife's wishes and Defendants' conduct. He further claims that because he was the parent with primary physical custody and did not authorize the transfer, the transfer was a deprivation of his substantive and procedural due process and equal protection rights and negligently or intentionally caused him emotional distress. Plaintiff further states that the Defendants conspired by concerted action to accomplish the wrongful transfer.[1] Lastly, Plaintiff seeks relief under claims of respondeat superior and indemnification. The Complaint is brought against three public school entities and seven school officials. For the reasons provided below,

---

[1]    Counts IV and V allege conspiracy under federal as well as Illinois law. Neither is subject to this motion to dismiss.

the Complaint should be dismissed because the issues raised allege custody disputes between the

Plaintiff and his ex-wife and because the issues raised are now moot.  Notwithstanding such,

dismissal is also warranted because Counts I – III and VI – IX of Plaintiff's Complaint lack

sufficient allegations to support his claims.

I.      **PLAINTIFF'S COMPLAINT IS NOTHING MORE THAN A CHILD CUSTODY DISPUTE THAT SHOULD BE ADDRESSED BY THE STATE COURT AND GOVERNED BY STATE FAMILY LAWS AND BECAUSE PLAINTIFF'S MINOR CHILD WAS TRANSFERRED BACK TO HIS SCHOOL OF CHOICE, THE ISSUE IS NOW MOOT.**

**Child Custody Dispute**

It is evident from the allegations Plaintiff makes that he and his ex-wife, Kenedra Hunt,

have disputed the custody of their minor child.  Plaintiff alleges as such claiming: he and his wife

had contrary intentions of where J.B. should attend school (Complaint, para. 32); "J.B.'s mother

falsely led Mr. Bigham to believe that J.B. had been enrolled at Urbana over his objections"

(Complaint, para. 35); an Edison school employee approached Plaintiff and informed him that

"J.B.'s mother might be trying to 'run with his son'" (Complaint, para. 37); and that Ms. Paulk

allegedly told Plaintiff that he should "beg for forgiveness from God because of the negative

feelings she said [he] had toward J.B.'s mother for disappearing with his son, J.B." (Complaint,

para. 66)  Plaintiff should not be allowed to use the federal judiciary to circumvent the state

court's jurisdiction over issues between divorced parents involving their minor child's custody.

This was the very issue recognized by the Seventh Circuit, in <u>Crowley v. McKinney</u>, a

case brought by a non-custodial father against the school district and the principal of his son's

school under §1983 for acts depriving him of constitutional rights to include, among other

things: prohibiting the plaintiff from attending a book fair; volunteering to be a playground

monitor; and for not sending him notices that other parents were sent.  400 F.3d 965, 967 (7th

Cir. 2005). Although the Court recognized that the plaintiff stated sufficient facts to allege deprivation of a "class of one" equal protection and First Amendment rights, it also recognized that because divorce is so common an event that "10% of schoolchildren are children of divorced parents", such does not impose a duty upon the school to know the contents of a divorce decree or "that it must allow itself to be dragged into fights between such parents over their children. On the contrary, the more children of divorced parents there are, *the greater the burden on schools of arbitrating the quarrels of divorced parents*." 400 F.3d at 970 [emphasis added]. In further recognizing that plaintiff had state claims that weakened the need for federal relief, the lack of interest between divorced parents to deal with each other directly is "…no greater than the state's interest in keeping its schools free as far as possible from becoming mired in the sequelae of divorce." (Id. at 971).

Mr. Bigham is attempting to do exactly what the plaintiff in Crowley did: circumvent state court process relating to family issues and custody disputes; and entangle the Defendants in the quagmire of divorce and child custody disputes pending between his ex-wife and him. Such claims should be raised before and adjudicated by the state court. In fact, Plaintiff has already taken advantage of the state judicial process but perhaps, brings the instant claim because unsatisfied with the court's rulings. *See*, Bigham v. Hunt: 95 C 1410; 95 C 1244; ; 02 OP 386; 05 OP 42; and 05 OP 555, (pending before the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois). Plaintiff should be not be allowed to cloak state family law custody claims under the guise of deprivation of constitutional laws only to invoke the jurisdiction of this Court. Accordingly, his Complaint should be dismissed.

**Plaintiff's Issues are Moot**

6

Moreover, the alleged wrongful transfer of his child to a school outside of Champaign, has been resolved and there is no likelihood that Plaintiff will suffer any further alleged deprivation of rights since J.B. is no longer attending Defendant's schools since these acts occurred when he was in the eighth grade. (Complaint, para. 15) A complaint should be dismissed as moot where a court cannot grant any effectual relief in favor of the plaintiff. Calderon v. Moore, 518 U.S. 149, 150 (1996).

As noted in his Complaint, J.B. was transferred at some point at the beginning of the school year commencing August or September of 2005. (Complaint, paras. 23-24, 39) By November 2, 2005, J.B.'s transfer back to Edison was approved. (Complaint, paras. 64-65) And despite J.B.'s transfer back to Edison for the remainder of that school year and with no allegations that Plaintiff has suffered a continuing deprivation of rights, Plaintiff seeks to enjoin the Defendants from "further acts of discrimination." (Complaint, Count III, prayer for relief (b)) To the extent Plaintiff's Complaint seeks injunctive relief, it should be dismissed for mootness.

## II.    PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO SUPPORT A §1983 CLAIM BASED ON DEPRIVATION OF SUBSTANTIVE OR PROCEDURAL DUE PROCESS RIGHTS OR EQUAL PROTECTION RIGHTS

Notwithstanding that the Plaintiff brings this action to circumvent state court process over what is clearly a child custody dispute, the Complaint fails to allege deprivation of his due process or equal protection rights. To establish a cause of action under §1983, a plaintiff must plead that a defendant has acted under color of state law and that the defendant's conduct deprived the plaintiff of a federal right. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Although these are the only allegations a plaintiff needs to plead in order to establish such a cause of action, there is no vicarious liability in a §1983 claim. Steidl v. Gramley, 151 F.3d 739, 741 (7th

7

Cir. 1998); <u>Hosty v. Carter</u>, 412 F.3d 731, 733 (7th Cir. 2005); *See also*, <u>Moore v. Overall</u>, 1998 WL 852293, \*4 (N.D. Il. 1998). Thus, alleging acts by one school official alone does not automatically suffice to state a §1983 claim against the remaining Defendants.

**Defendant Public School Entities**

For example, as to the three Defendants that are public school entities: the Champaign Community Unit School District #4; Unit #4 School Board of Education; and the Champaign Community Unit School District #4 Family Information Center (collectively, "public school entities"), allegations that any of these Defendants performed acts that deprived Plaintiff of constitutional rights are noticeably absent in his Complaint. The sole statements that Defendants "deprived [him] of his constitutional rights to procedural due process under the Fourteenth Amendment," and similar statements alleging deprivation of his substantive due process rights and equal protection, are the only allegations against the public school entities that without more, are conclusory at best. (Complaint, paras. 68, 80, 90). In fact, Plaintiff admits that the decision to transfer his son without a fair hearing or avenue of appeal was made by only one Defendant, Hattie Paulk. (*See,* Complaint, paras. 72-75) Nowhere on the face of his Complaint does Plaintiff allege any facts that show the Defendant public school entities did any act that supports a claim for deprivation of these rights. Moreover, §1983 does not create vicarious liability. <u>Steidl</u>, 151 F.3d at 741; <u>Hosty</u>, 412 F.3d at 733. Thus, any implication that the acts of one Defendant school official employee should impose liability upon the public school entities is not well founded.

**Defendant School Officials**

Plaintiff further asserts §1983 claims against various school officials to include: Arthur Culver; Joe Williams; Dedrick Martin; Dorland Norris; and Gayle Griffin (collectively, "school

8

officials"). Likewise, the allegations against these six school officials are equally deficient. Arther Culver is the Superintendent of Unit School District #4. (Complaint, para. 4) The only comment in the Complaint regarding Mr. Culver is found at paragraph 134, under Plaintiff's respondeat superior count and states that he is liable as a principal for the torts committed by the school's agents. (Complaint, para. 134, p. 23) Without allegations of specific acts committed by Mr. Culver that constitute a deprivation of due process and equal protection rights, this conclusory statement fails to support a §1983 claim. Acts by Dedrick Martin and Dorland Norris are alleged in paragraphs 24 and 26 and Gayle Griffin in paragraph 26 only. Here, Plaintiff pleads nothing more than that a meeting occurred between school officials regarding J.B.'s school placement and that Plaintiff was not notified of these communications. (Complaint, para. 26) In matters of school affairs, school officials are entitled to use their discretion and meet in order to make policy determinations. *See generally*, 105 ILCS 5/1 *et seq*. Plaintiff erroneously infers that the school officials' power to make policy determinations creates a right in him to receive notice of meetings they may have in the every day dealings of their employment. (*See,* Complaint, para. 26) Again, the Complaint lacks facts to support Plaintiff's §1983 claim against these school officials.

Specifically, the allegations relating to Joe Williams, Principal of Edison Middle School, the school from which J.B. was wrongfully transferred, fail to state a §1983 claim. Mr. Williams is said to have met with the Plaintiff, discussed J.B.'s enrollment in Edison and approved J.B.'s transfer to a school in Cairo. (Complaint, paras. 23, 50-52) Yet the Complaint avers that on another meeting with the Plaintiff, Mr. Williams reviewed the school records and the divorce decree and "'he had no idea' how J.B. had been transferred" because the transfer form "was missing the required signature." (Complaint, para. 59). These allegations do not support a claim

9

that Mr. Williams deprived Plaintiff of his substantive or procedural rights of due process.  In fact, it stands to reason that the very fact that the Plaintiff and Mr. Williams had discussions relating to his son's enrollment and the subsequent transfer, constitutes procedural due process.

Moreover, the Complaint lacks allegations that the public school entities or the above-named school officials articulated a policy with respect to the transfer of J.B. or that any of these Defendants possessed final authority with respect to the transfer policy.  *See,* <u>Carlson ex rel. Stuczynski v. Bremen High School District 228</u>, 423 F.Supp.2d 823, 828 (N.D. Ill., 2006). Accordingly, Counts I, II and III should be dismissed as to the public school entities and those above named school officials.

## III.    DEFENDANTS ARE IMMUNE FROM THE NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS PURSUANT TO THE ILLINOIS LOCAL GOVERNMENTAL AND GOVERNMENTAL EMPLOYEES TORT IMMUNITY ACT

Counts VI and VII are state claims and allege respectively, intentional and negligent infliction of emotional distress under Illinois law.  Both should be dismissed as to all Defendants as they are immune under the Illinois Governmental and Governmental Employees Tort Immunity Act (the "Act") since Hattie Paulk's conduct was discretionary in nature and performed in determination of the school's transfer policy.

**Hattie Paulk, as Director of the Family Information Center for the School District, is immune from liability even if she abuses her discretion involving the determination of policy.**

Section 10/2-201 of the Act provides in full:

Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

745 ILCS 10/2-201.   Under this Section, the plaintiff's injury must result from the public employee's act or omission that was both an exercise of discretion and a determination of policy.

10

Harinek v. 161 North Clark Street Ltd. Partnership, 181 Ill.2d 335, 341 (1998). As opposed to ministerial acts, discretionary acts are those that relate to the determination of policy when the act is unique to a particular public office, Van Meter v. Darien Park Dist., 207 Ill.2d 359 (2003). Not only does the Act expressly state that the exercise of discretion may be abused, but immunity is provided without a showing that the act was done in good faith. Kevin's Towing, Inc. v. Thomas, 351 Ill.App.3d 540, 545, 814 N.E.2d 1003 (2nd Dist. 2004).

The conduct of Hattie Paulk unequivocally constitutes an exercise of discretion and determination of implementing the school district's policy on attendance and transfer of students. Plaintiff admits that he, J.B.'s mother and Ms. Paulk met to discuss J.B.'s enrollment. (Complaint, para. 29) During this meeting, Plaintiff and his ex-wife tendered the same divorce decree relating to J.B.'s custody and it can be inferred that they voiced their conflicting positions as to J.B.'s residency. (See, Complaint, paras. 30-32) Plaintiff goes on to assert that at this meeting, Ms. Paulk told the Plaintiff, "…that she determined that J.B.'s residence was with his mother", that Plaintiff, "had no right to object to her decision regarding residency" and that "her decision on the matter was final." (Complaint, paras. 33-34) Moreover, as alleged, Ms. Paulk is the school official who decides transfers and the one who decided to transfer J.B. (Complaint, paras. 72-74) The very allegations of the Complaint admit her conduct is shielded by immunity under the Act in that Ms. Paulk's acts involved an exercise of discretion based on what the Plaintiff and his ex-wife told and showed her and that based on the information she gathered, she made a determination as to the school district's residency and attendance policy as it applied to J.B. As noted above, it is neither relevant whether her decision was made in good faith, nor, according to the Act, whether it was made in abuse of her discretion.

**Defendant school officials are also afforded immunity.**

11

Since Ms. Paulk is immune from liability for injuries stemming from her decision, it follows that the remaining named school officials are also immune. Since the school officials function jointly, in collaboration with others, or even if they function on their own, Section 10/2-212 provides them with the same immunity. Section 10/2-212 states in full:

> The provisions of this Part 2 which define or limit the liability of a public employee in terms of his doing of an act or his failure to act apply to public employees who function jointly, in conjunction or in collaboration with other public employees as well as to those who function singly

Thus, the immunity afforded Ms. Paulk is also afforded to the remaining Defendant school officials.

### Defendant public school entities are also afforded immunity.

The Act also provides immunity to public entities when the employee is not liable. 745 ILCS 10/2-109. Section 10/2-109 states in full:

> A local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

745 ILCS 10/2-109. Since Ms. Paulk is not liable for any damages the Plaintiff claims he sustained, whether negligently or intentionally caused, because her actions were discretionary and made in determination of the school district's policy, it also follows that the public school entities are not liable, as the Act expressly provides immunity.

### Defendant school officials are immune even if Ms. Paulk is not.

To the extent Ms. Paulk is not immune from her actions, the remaining Defendant school officials are immune pursuant to Section 2-204, which provides:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

745 ILCS 10/2-204. The Complaint states that the school officials were acting within the scope of their employment. First, each school official other than Ms. Paulk is named in his or her

12

official capacity as such. Second, as described above, the acts performed by Arthur Culver, Joe Williams, Dedrick Martin, Dorland Norris and Gayle Griffin were within the scope of their employment. The Plaintiff admits so in the body of his Complaint alleging that he met with Mr. Williams on school grounds (Complaint, para. 23) and that certain school officials met to discuss J.B.'s enrollment (Complaint, paras. 25-26). It cannot be argued that these were not performed within the scope of each official's employment.

**The allegations of the Complaint do not support a claim for intentional infliction of emotional distress.**

To the extent Plaintiff's Count VI alleges a cause of action based on negligence, the allegations are insufficiently pled to support an intentional claim against the Defendant public school entities or the school officials. In fact, the allegations negate that Mr. Williams, the school official other than Ms. Paulk with the most references to his name, acted intentionally. Plaintiff admits that after Mr. Williams approved the transfer of J.B., Plaintiff met with Mr. Williams a second time to discuss J.B.'s enrollment. (Complaint, para. 59) At this meeting, Mr. Williams is alleged to have said to Plaintiff that, "'he had no idea' how J.B. had been transferred to Cairo…" (Complaint, para. 59) Such a statement shows the lack of requisite intent or knowledge by Mr. Williams in performing an act he knows to be wrong. At best, it implies only that a mistake had occurred or that it occurred without his knowledge.

**Defendant public school entities are immune from paying punitive damages.**

To the extent the Plaintiff seeks punitive damages, Section 10/2-102 of the Act immunizes the Defendant public school entities from liability to pay punitive or exemplary damages in any action brought by an injured person. 745 ILCS 10/2-102. This bar includes all claims for relief for punitive damages brought by Plaintiff under all counts, including his §1983 claims. *See, e.g.*, Thompson v. Board of Education of the City of Chicago, 711 F. Supp. 394

13

(N.D. Ill. 1989), *citing*, <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247 (1981) (immunizing municipality from punitive damages).

## IV.    PLAINTIFF FAILS TO STATE A §1983 CLAIM FOR RELIEF UNDER A RESPONDEAT SUPERIOR CAUSE OF ACTION

Count VIII is another state claim and targets only the three Defendant public school entities, the Superintendent Mr. Culver and the Principal Mr. Williams alleging that they are liable as principals for all torts committed by their agent, Ms. Paulk. (Complaint, paras. 133-34) As Section 10/2-109 provides, the Defendant public school entities are not liable when their agents are not liable. To the extent Ms. Paulk is liable for committing any tort, immunity bars the same tort claims against any other public employee acting within the scope of his employment, pursuant to Section 10/2-204 of the Act. Moreover, §1983 does not create vicarious liability and dismissal should be granted when facts fail to support such a claim against each individual defendant. <u>Steidl</u>, 151 F.3d at 741; <u>Hosty</u>, 412 F.3d at 733.

## V.    PLAINTIFF LACKS STANDING TO BRING A CLAIM FOR INDEMNIFICATION

Count IX should be dismissed as Plaintiff lacks standing to bring an indemnification claim against the Defendants. Under Illinois law, a plaintiff asserting an indemnification claim may do so under either implied or express indemnity. Express indemnity arises by virtue of a contractual obligation whereas implied indemnity arises in situations in which a promise to indemnify can be inferred based on the relationship between the parties. <u>United General Title Ins. Co. v. AmeriTitle, Inc.</u>, 365 Ill.App.3d 142 (1st Dist. 2006). Notwithstanding that it is unknown what relief Plaintiff seeks in this last count as none is requested, but it appears that he is asserting a right that only the individual Defendant school officials could assert against the public school entities. *See,* 745 ILCS 10/2-301. Plaintiff is not an employee that can assert the right to indemnification as contemplated by the Act. Moreover, the Complaint does not allege

14

that Plaintiff is entitled to express indemnity by virtue of a contract or that he stands in a relationship with the Defendants such that a promise to indemnify can be implied.

## VI.    CONCLUSION

For these reasons, Counts I, II and III of the Plaintiff's Complaint should be dismissed as to the Champaign Community Unit School District #4, Unit #4 School Board of Education, Champaign Community Unit School District #4 Family Information Center, Arthur Culver, Joe Williams, Dedrick Martin, Dorland Norris, and Gayle Griffin, Counts VI, VII, VIII and IX as to all Defendants and for further relief this Court deems appropriate.

Dated:  October 23, 2006                    Respectfully Submitted:

By:    s/ Kristine S. Phillips
Kevin M. O'Hagan (ARDC #6211446)
Kristine S. Phillips (ARDC #6273374)
Attorneys for Defendant Movants
O'HAGAN SPENCER, LLC.
55 W. Wacker, Suite 1400
Chicago, Illinois 60601
Telephone:    312.422.6126
Facsimile:    312.422.6110
E-mail: kphillips@ohaganspencer.com

## CERTIFICATE OF SERV ICE

I hereby certify that on **October 23, 2006,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:
Elizabeth A. Bleakley elizabeth@bleakleylawoffice.com elizabeth@bleakleyandassociates.com

By:  s/ Kristine S. Phillips
Kevin M. O'Hagan (ARDC #6211446)
Kristine S. Phillips (ARDC #6273374)
Attorneys for Defendant Movants
O'HAGAN SPENCER, LLC.
55 W. Wacker, Suite 1400
Chicago, Illinois 60601
Telephone:    312.422.6126
Facsimile:    312.422.6110
E-mail: kphillips@ohaganspencer.com

15