IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | | |
|---|---|---|
| JAMIE BIGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-CV-2156 |
| | ) | |
| CHAMPAIGN COMMUNITY UNIT SCHOOL | ) | Judge Michael P. McCuskey |
| DISTRICT # 4; et al. | ) | |
| | ) | Magistrate David G. Bernthal |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNTS
I, II, III, VI, VII, VIII, AND IX OF THE COMPLAINT**

Plaintiff, JAMIE BIGHAM, by and through his attorney, ELIZABETH A. BLEAKLEY

of THE LAW OFFICE OF ELIZABETH A. BLEAKLEY, LLC, in opposition to Defendants'

CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT # 4; UNIT # 4 SCHOOL BOARD

OF EDUCATION; CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT # 4 FAMILY

INFORMATION CENTER; ARTHUR R. CULVER, Superintendent of Champaign Community

Unit School District # 4, in his official capacity; JOE WILLIAMS, Principal of Champaign

Community Unit School District # 4, Edison Middle School, in his official capacity; DEDRICK

MARTIN, Director of Equity and Achievement for Champaign Community Unit School District

#4, in his official capacity; DORLAND NORRIS, Deputy Superintendent of Curriculum Design,

Educational Services and Equity for Champaign Community Unit School District # 4, in her

official capacity; GAYLE GRIFFIN, an employee of Champaign Community Unit School

District # 4, in her official capacity; JAMES HARDEN, an employee of Champaign Community

Unit School District # 4, in his official capacity; HATTIE PAULK, Director of the Family

Information Center, in her official capacity and Individually; and other AS-YET UNKNOWN

CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT# 4 OFFICIALS AND

EMPLOYEES, (collectively, the "Defendant School Officials" or "Defendants"), Motion to

Dismiss counts I, II, III, VI, VII, VIII, and IX of his Complaint, states as follows:

**BRIEF STATEMENT OF THE SPECIFIC POINTS OR PROPOSITIONS OF LAW AND SUPPORTING AUTHORITIES PURSUANT TO LOCAL RULE 7.1(B)(1)**

**I.   MR. BIGHAM'S COMPLAINT SEEKS RELIEF FOR VIOLATIONS TO HIS CONSTITUTIONAL RIGHTS AS A PARENT, AND IS NOT A CHILD CUSTODY DISPUTE AS DEFENDANTS ALLEGE.**

Crowley v. McKinney, 400 F.3d 465 (7th Cir. 2005).

**MR. BIGHAM'S COMPLAINT SHOULD NOT BE DISMISSED FOR MOOTNESS BECAUSE THE COURT CAN GRANT RELIEF FOR HIS INJURIES.**

Calderon v. Moore, 518 U.S. 149, 150 (1996).

**II.  MR. BIGHAM'S COMPLAINT ADEQUATELY ALLEGES SUFFICIENT FACTS TO SUPPORT A § 1983 CLAIM BASED ON DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND EQUAL PROTECTION RIGHTS**

42 USC § 1983.
U.S. Const. 14th Amend.
Alexander v. Somer, 2002 U.S. Dist. LEXIS 22238 (D. Ill. 2002).
Troxel v. Granville, 530 U.S. 57 (2000).
Orr v. Orr, 440 U.S. 268, 282 (1979).
Nanda v. Moss, 412 F.3d 836 (7th Cir. 2005).

**III. MR. BIGHAM'S COMPLAINT ADEQUATELY ALLEGES SUFFICIENT FACTS TO SUPPORT A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Mnyofu v. BOE Rich Township, 2005 U.S. Dist. LEXIS 26640 (N.D. Ill., E.D.).

**DEFENDANTS ARE NOT IMMUNE FROM MR. BIGHAM'S NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS**

105 ILCS 5/10-20.12b.
325 ILCS 5/1, et seq. (Abused and Neglected Child Reporting Act).
745 ILCS 10/1-101 et seq. (The Local Governmental and Governmental Employees Tort Immunity Act)
745 ILCS 10/2-109.

745 ILCS 10/2-201.

745 ILCS 10/2-212.

<u>Currie v. Lao</u>, 198 Ill. App. 3d 625, 628 (3rd Dist. 1990), affirmed by *Currie v. Lao*, 148
   Ill. 2d 151 (1992).

<u>Brokaw v. Mercer County</u>, 235 F.3d 1000 (7th Cir. 2000).

<u>Courson v. Danville Sch. Dist. No. 118</u>, 301 Ill. App. 3d 752, 757 (4th Dist. 1998).

## IV.    MR. BIGHAM'S COMPLAINT EFFECTIVELY STATES A § 1983 CLAIM FOR RELIEF UNDER A RESPONDEAT SUPERIOR CAUSE OF ACTION

<u>Nanda v. Moss</u>, 412 F.3d 836 (7th Cir. 2005).

## ARGUMENT

**APPLICABLE LEGAL STANDARD AND SHORT STATEMENT OF FACTS**

A Rule 12(b)(6) motion tests the sufficiency of the Complaint and is not a mechanism to decide the merits of the case. Defendant bears a high burden, and the Complaint should not be dismissed unless it appears beyond a doubt that the Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 45-46 (1957). The Court must construe the Complaint in the light most favorable to the Plaintiff. *Autry v. Northwest Premium Svcs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal is warranted only if the Plaintiff can prove no set of facts entitling him to relief. *Id*.

In the case at hand, Defendants wrongfully transferred Jamie Bigham's (Mr. Bigham) son, J.B., to a school over three hours away from his legal residence, in violation of Illinois' Residency Statute. 105  ILCS 5/10-20.12b (stating that children should be placed in a public school located in the district in which they live). Mr. Bigham, who was granted primary physical custody of his son by the Sixth Judicial Circuit Court of Illinois, did not authorize the transfer of his son to a public school so far away from his home. Mr. Bigham proved to school officials that he had primary physical custody of his son by allowing them to read his divorce decree. Despite this knowledge, school officials, particularly Hattie Paulk and Joe Williams, conspired to transfer Mr. Bigham's son without Mr. Bigham's knowledge or consent. Then, they misinformed him about not only the transfer, but to which school the transfer was completed. Plaintiff is seeking both equitable relief and damages for his injuries, which include violations of his due process and equal protection rights, and emotional and physical distress. For the reasons provided below, the Court should deny Defendant's Motion to Dismiss Counts I, II, III, VI, VII, VIII, and IX of Mr. Bigham's Complaint.

I.    **MR. BIGHAM'S COMPLAINT SEEKS RELIEF FOR VIOLATIONS TO HIS CONSTITUTIONAL RIGHTS AS A PARENT, AND IS NOT A CHILD CUSTODY DISPUTE AS DEFENDANTS ALLEGE.**

At the time of the events at hand, custody of Mr. Bigham's son (J.B.) was not at issue. The Sixth Judicial Court of Illinois granted primary physical custody to Mr. Bigham, and joint custody subject to reasonable visitation rights to J.B.'s mother. *Bigham v. Hunt*, 95-C-1410. In the other state cases cited by Defendants, the Sixth Judicial Court: carried over Hunt v. Bigham, 95 C 1244, to Bigham v. Hunt, 95 C 1410, where Mr. Bigham was granted primary physical custody of J.B.; adjudicated Mr. Bigham himself an abused person and entered an Order of Protection on his behalf in Bigham v. Hunt, 02 P 386; and denied, vacated, and dismissed an emergency order of protection against Mr. Bigham in Hunt v. Bigham, 05 P 42. Finally, Bigham v. Hunt, 05 OP 555, was filed after the events at issue and is also unrelated to the claims against the Defendants. The mother's dissatisfaction, or for that matter the Defendants' dissatisfaction, with the Court's rulings is irrelevant to the case at hand.  Therefore, despite the Defendants' allegations to the contrary, Mr. Bigham is not using the Federal Judiciary to circumvent State Court rulings that were already granted in his favor.

Mr. Bigham is specifically complaining that the Defendants violated his parental, due process, and equal protection rights by inserting themselves into his private family matters that had already been settled by the State Court.  Defendants transferred J.B. to a school over three hours away from Mr. Bigham's residence, without his knowledge or consent, then misinformed him about the school to which J.B. was transferred. *Complaint* ¶¶ 30, 35, 41-42, 49-51, 56, 59. The complained of actions of the Defendants circumvented the State Court's custody decision, and deprived Mr. Bigham of his parental rights.  Furthermore, the Defendants' actions and misinformation deprived Mr. Bigham of any meaningful due process to appeal their decision

regarding J.B.'s placement.  Finally, the Defendants' favoritism to J.B.'s mother's requests for a new school placement was discriminatory to Mr. Bigham as a father, a violation of equal protection under the law.

Since the Defendants inserted themselves into Mr. Bigham's private family affairs and custody rights, their reliance on Crowley v. McKinney is misguided.  400 F.3d 465 (7th Cir. 2005).  Crowley involves the rights of non-custodial parents, rather than parents such as Mr. Bigham who have legal physical custody of their children.  Additionally, Defendants use Crowley to argue that school officials should not be charged with knowing the contents of a divorce decree, unless they consult the divorce decree.  *Id.* at 965.  Hattie Paulk read a copy of Mr. Bigham's divorce decree, and therefore knew it granted primary physical custody to Mr. Bigham.  Additionally, J.B.'s school records included a copy of the divorce decree, so Defendants' reliance on Crowley is confusing at best.  Mr. Bigham did not attempt to drag the Defendants into the "sequelae of divorce," as Defendants allege, but rather was dragged in himself by the Defendants.

**MR. BIGHAM'S COMPLAINT SHOULD NOT BE DISMISSED FOR MOOTNESS BECAUSE THE COURT CAN GRANT RELIEF FOR HIS INJURIES.**

Defendants incorrectly argue that Mr. Bigham's Complaint should be dismissed for mootness.  However, a complaint can only be dismissed as moot if a Court cannot grant any effectual relief whatsoever.  *Calderon v. Moore,* 518 U.S. 149, 150 (1996).  In this case, the Court can grant both equitable relief, particularly in the form of a declaration that Defendants violated his due process and equal protection rights, and damages to compensate him for his injuries.

**II.    MR. BIGHAM'S COMPLAINT ADEQUATELY ALLEGES SUFFICIENT FACTS TO SUPPORT A § 1983 CLAIM BASED ON DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS AND EQUAL PROTECTION RIGHTS**

Under Section 1983 (42 USC § 1983), a person may sue a state actor, acting under color of state law, for engaging in conduct that deprives him of a right, privilege, or immunity secured by the United States Constitution. *Alexander v. Somer*, 2002 U.S. Dist. LEXIS 22238 (D. Ill. 2002).

**A.    Due Process**

The Fourteenth Amendment of the United States Constitution prohibits state actors from depriving people of their liberty interests without due process of law. *U.S. Const. 14th Amend.* Parents have a liberty interest in the care, control, and education of their children, without unwarranted governmental interference. *Troxel v. Granville*, 530 U.S. 57 (2000). Therefore, a state actor depriving a parent of the right to direct his child's education without due process of law is a Constitutional violation, falling under Section 1983.

Defendants, particularly Hattie Paulk and Joe Williams, effectively removed J.B. from his father's custodial care when they transferred J.B. to a public school over three hours away from Mr. Bigham's residence. *Complaint* ¶¶ 41, 50. Defendants transferred J.B. outside the district even though Mr. Bigham was awarded primary physical custody of his son, a fact of which they were aware. *Complaint* ¶¶ 24, 29. After the transfer was completed, Defendants, particularly Hattie Paulk and Joe Williams, misled Mr. Bigham about the facts of the transfer, and even the location of J.B.'s new school. *Complaint* ¶¶ 24, 35, 41, 56, 59. By ignoring Mr. Bigham's custodial rights, and then misleading him about the transfer, Defendants deprived Mr. Bigham of his due process rights as a parent.

**B.**     **Equal Protection**

The Fourteenth Amendment of the United States Constitution also prohibits a state actor from violating people's equal protection rights. *U.S. Const. 14th Amend.* Men and women are afforded equal protection under the law. *Orr v. Orr*, 440 U.S. 268, 282 (1979). Therefore, a state actor cannot favor the rights of one parent over the other based on gender alone, and doing so would be a violation of the disfavored parent's equal protection rights. Defendants, particularly Hattie Paulk and Joe Williams, discriminated against Mr. Bigham by ignoring his parental custodial rights simply due to his gender.

**C.**     **Immunity**

Under federal law, public officials, such as the Defendants, are entitled to qualified immunity from suit unless their conduct violated clearly established constitutional rights of which a reasonable person would have known. *Nanda v. Moss*, 412 F.3d 836 (7th Cir. 2005). In determining whether to apply qualified immunity, the court must: (1) first assess whether the state actor's conduct violated a constitutional right when viewed in the light most favorable to the party asserting the injury, then (2) determine whether the right violated was clearly established at the time. *Id*. The Supreme Court has long recognized the liberty interests of parents, and the equal rights of men and women under the law. *Troxel v. Granville*, 530 U.S. 57 (2000); *Orr v. Orr,* 440 U.S. 268, 282 (1979). Since the Defendants, particularly Hattie Paulk and Joe Williams, violated these long-recognized rights of Mr. Bigham's, they are afforded no immunity from suit under federal law.

III.    **MR. BIGHAM'S COMPLAINT ADEQUATELY ALLEGES SUFFICIENT FACTS TO SUPPORT A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

Under Illinois law, the elements for intentional infliction of emotional distress are: (1) the conduct involved must be truly extreme and outrageous; (2) the Defendant must either intend the infliction of emotional distress, or know that there is a high probability that the conduct will result in such distress (recklessness); (3) the conduct must in fact cause severe emotional distress. *Mnyofu v. BOE Rich Township*, 2005 U.S. Dist. LEXIS 26640 (N.D. Ill., E.D.).

Hattie Paulk conspired with Joe Williams and others to transfer J.B. to a school district located more than three hours away from his primary residence. In doing so, Hattie Paulk intentionally misled Mr. Bigham about the facts of the school transfer, including the correct name of the school to which J.B. was transferred. Intentionally transferring a child to a school more than three hours away from his home, and then lying to the custodial parent about it, is extreme and outrageous conduct. Hattie Paulk should have know that there was a high probability that Mr. Bigham would be caused emotional distress when she wrongfully transferred J.B. to a school so far from his home, and then lied to Mr. Bigham about the location of the new school. Finally, because of Hattie Paulk's actions, Mr. Bigham has suffered severe emotional distress, causing or contributing to blackouts, sleep deprivation, and other stress-related medical conditions.

**DEFENDANTS ARE NOT IMMUNE FROM MR. BIGHAM'S NEGLIGENT OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIMS**

The Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101 et seq., grants many immunities from suit to public employees and entities, including immunity from liability for discretionary acts, even if the act of discretion was abused. However, statutory immunity "affords no protection to an agent or employee of the State who

acts in violation of statutory or constitutional law or in excess of his authority." *Currie v. Lao,*

198 Ill. App. 3d 625, 628 (3rd Dist. 1990), affirmed by *Currie v. Lao*, 148 Ill. 2d 151 (1992).

**A.    Hattie Paulk**

As discussed above, Hattie Paulk violated constitutional law when she transferred J.B. to

a school in an outside district over Mr. Bigham's objections, and then misled Mr. Bigham about

which school J.B. was transferred to.  The state must provide the appropriate level of due process

before removing a child from his parent's care.  *Brokaw v. Mercer County*, 235 F.3d 1000 (7th

Cir. 2000).  By her actions, Hattie Paulk effectively removed J.B. from his father's home,

without giving Mr. Bigham any notice or chance to appeal her decision.  Since Hattie Paulk

violated Mr. Bigham's constitutional rights and caused him injury, she is afforded no immunity

from suit.

Hattie Paulk also violated Illinois law when she transferred J.B. to a school in an outside

district over Mr. Bigham's objections.  Hattie Paulk knew that Mr. Bigham had legal physical

custody of J.B., because she reviewed the rather plainly stated divorce decree awarding Mr.

Bigham with physical custody and J.B.'s school records showed that he resided with Mr.

Bigham.  Under the Illinois Residency Statute, 105  ILCS 5/10-20.12b, children should be placed

in a public school located in the district in which they live.  Hattie Paulk clearly violated this

statute, causing Mr. Bigham injury, and therefore she has no statutory immunity from suit.

Finally, Hattie Paulk clearly acted in excess of her authority as the Director of the Family

Information Center when she effectively removed J.B. from his custodial parent's home by

transferring him to a school over three hours away from his home school.  School officials, such

as the Defendants, have no authority to effectively remove a child from a parent's home.  Even

in an extreme case where child abuse or neglect is suspected, which are not at issue in the present

case, under Illinois law school officials such as the Defendants are required to report such

suspicions to DCFS.  325 ILCS 5/1, et seq. (Abused and Neglected Child Reporting Act).  DCFS

officials then investigate, and initiate formal court procedures to remove the child, if necessary

for his safety.  *Id*.  Further, school officials presumably do not have the authority to lie to parents

about what school their child is attending, absent a court order to the contrary.  Since Hattie

Paulk acted in excess of her authority by effectively removing J.B. from his father's home, and

then lying to Mr. Bigham about it causing him injury, she has no immunity from suit.

**B.      Joe Williams**

Likewise, Joe Williams signed off on the transfer of J.B., Complaint ¶ 51, but later told

Mr. Bigham that he had no knowledge of how J.B. was transferred.  Since Joe Williams signed

the transfer form, he clearly knew how J.B. was transferred.  By his actions, Joe Williams, like

Hattie Paulk, violated Mr. Bigham's constitutional rights, causing him injury.  Futhermore,

wrongfully transferring a child to a school outside his home district and then lying to a parent

about it are actions that are in excess of Joe William's authority as a school principal.  Therefore,

he has no statutory immunity from suit.

**C.      Other Defendant School Officials and School Entities**

Since both Hattie Paulk and Joe Williams are liable for their actions, the other school

officials and the school entities are not afforded immunity under either 745 ILCS 10/2-109 or

10/2-212.  Additionally, not every discretionary action taken by a public employee is immunized

by section 2-201 of the Tort Immunity Act. Only acts or omissions in determining policy are

immunized. *Courson v. Danville Sch. Dist. No. 118*, 301 Ill. App. 3d 752, 757 (4th Dist. 1998).

Placing a child in a public school within his school district is an expression of policy, rather than

a determination of policy.  Since Hattie Paulk is liable for committing an intentional tort in the

11

course of her employment by the Defendant School Officials and school entities, the Defendant

School Officials and school entities can be held vicariously liable for her intentional torts in the

case at hand.

School officials and school entities are also vicariously liable for an employee's action

when the employee commits an intentional tort while performing a ministerial act. *Courson*, 301

Ill. App. at 756. Normally, children are placed into the school district in which they live. 105

ILCS 5/10-20.12b. Therefore, the placement of a child in a general public school is more of a

ministerial rather than a discretionary act. Hattie Paulk's wrongful placement of J.B. in a school

so far outside his home district was intentional, and seemingly malicious. *Complaint* ¶¶ 36, 38,

42, 56. Given the intentional nature of Hattie Paulk's tortious conduct while performing a

ministerial act, the Defendant School Officials and school entitles are vicariously liable for her

actions.

**IV.     MR. BIGHAM'S COMPLAINT EFFECTIVELY STATES A § 1983 CLAIM
FOR RELIEF UNDER A RESPONDEAT SUPERIOR CAUSE OF ACTION**

Supervisory liability can be established under federal law if the conduct causing the

constitutional deprivation occurs: (1) at the supervisor's direction; or (2) with the supervisor's

knowledge and consent. *Nanda v. Moss*, 412 F.3d 836 (7th Cir. 2005). Supervisor liability will

attach where a supervisor knows of the alleged misconduct and facilitates it, approves it,

condones it, or ignores it. *Id*. In this case, Defendants knew of Hattie Paulk's misconduct.

*Complaint* ¶¶ 25, 26, 50. Joe Williams, by signing the transfer forms, actively approved it.

*Complaint* ¶ 50. All other school officials who had knowledge of this misconduct and did not act

to stop it are liable.

## CONCLUSION

Based on the above arguments, Plaintiff, JAMIE BIGHAM, by and through his attorney,

ELIZABETH A. BLEAKLEY of THE LAW OFFICE OF ELIZABETH A. BLEAKLEY, LLC,

respectfully requests the Court to deny Defendants' Motion to Dismiss.


RESPECTFULLY SUBMITTED:


s/Elizabeth A Bleakley
Elizabeth A. Bleakley (ARDC #6285765)
Attorney for Plaintiff
The Law Office of
Elizabeth A. Bleakley, LLC
70 West Madison
Suite 1400
Chicago, Illinois 60602
Telephone: (312) 214-3171
Fax: (312) 214-3110
email: elizabeth@bleakleylawoffice.com